THE STATE to the use of HUDSON, Collector, Appellant, v. FINN et al.

1. **Limitations**: PRACTICE: ACTION ON OFFICIAL BOND OF SHERIFF. The general statutes of limitations apply to an action on the official bond of a sheriff to recover money collected by him on execution sales on judgments for state and school taxes. (R. S. 1879, secs. 3231, 3253.)

2. ——— : ——— : ———. The fact that a sheriff paid other taxes than state and school taxes included in the same judgment with the latter will not take an action against him on his official bond for the recovery of such state and school taxes out of the statute of limitations, when, on making such payments, he expressly denied liability for the state and school taxes and refused to make payments on account of them.

The State to use of Hudson v. Finn.

*Appeal from St. Louis City Circuit Court.*—Hon. Daniel Dillon, Judge.

.Affirmed.

*Leverett Bell* and *C. S. Broadhead* for appellant.

Money collected by the sheriff on execution in back-tax cases is public revenue of the state. The state is not barred by lapse of time from maintaining such action for the recovery of its revenue. R. S. 1879, sec. 6846 ; Laws of Mo. 1877, pp. 384–389 ; *State ex rel. Ellison v. Piland*, 81 Mo. 519. The money collected by the sheriff under the several executions in evidence here was collected under the provisions of that portion of the revenue law which provides for the collection of delinquent taxes. Acts of 1877, p. 384. The revenue law, therefore, not only applies to the bringing of the suit for the collection of the tax bills, but to the final act of the sheriff in connection therewith. The receipt by the sheriff of the money due on the executions is only one step in the process of collection ; the revenue is not collected until the money is paid into the hands of the collector ; and, in this case, in order to complete the collection, it became necessary to sue the sheriff for the money so received by him on said executions, and the state was entitled to maintain this action.

*E. T. Farish* for respondents.

· This suit was not brought under the provisions of the revenue law. R. S. 1879, sec. 6768. The suit is like any other action on the sheriff's bond, where moneys were collected for a plaintiff in such executions and not paid over, after the return day of the writ. In all these executions, the state, at the relation of the collector, was plaintiff as alleged, and, therefore, the collector the proper party to whom said moneys so collected should

have been paid. This action is not exempted, under section 6846, from the bar of limitations imposed by section 3253. Section 3231, requiring civil action against the sheriff to be brought within three years, applies to this action. The payment made by the sheriff was no payment on account of the matters herein sued for, and was not, in any sense, such a payment on account as would take the case, as to matters now claimed, out of the statute of limitations. Wood on Lim., p. 222; *Shannon v. Austin*, 67 Mo. 485; *Compton v. Johnston*, 19 Mo. App. 95.

BRACE, J.—This is an action by the collector of the city of St. Louis against a former sheriff of said city and the sureties on his official bond, to recover the sum of $4,039.57, alleged to have been collected by the said John Finn, as sheriff, on execution sales on judgments for the state and school taxes as per account of such taxes set out in the petition. The answer was a general denial with a plea of the three years' statute of limitations upon which issue was joined.

The suit was instituted on the twentieth of November, 1882. The amended petition upon which the case was tried was filed February 20, 1884. On the eighth of December, 1887, the case was tried and submitted, and by the court taken under advisement until January 3, 1888, when the court found the issues for the plaintiff, assessed the damages at $103.60, and rendered judgment accordingly. From this judgment the plaintiff appeals.

The court below ruled that plaintiff was barred by limitation as to such amounts in the account for state taxes as were collected by the sheriff prior to November 20, 1879, and that payments made by him of taxes other than those sued for, and which were included in the same tax bills, was not part payment on account of these taxes, and would not take the case out of the statute. Of this ruling the plaintiff complains.

Although the law provides that an action against a sheriff for "the nonpayment of money collected on execution" must be commenced within three years (R. S. 1879, sec. 3231), and this limitation applies "to actions brought in the name of this state, or for its benefit, in the same manner as to actions by private parties" (R. S. 1879, sec. 3253); and this is an action against the sheriff on his official bond for moneys collected for the benefit of the state on execution, yet it is contended by appellant that these statutes do not govern in this case, because the judgments upon which the executions issued, under which the moneys were collected, were for delinquent taxes, and this action is taken from the operation thereof by virtue of section 6846, Revised Statutes, 1879, which reads: "The provisions of section three thousand, two hundred and fifty-three shall not apply to actions brought by the state under this act."

But this suit is not brought under that act. That act provides for actions against the property of the taxpayer; prescribes the manner in which they shall be brought; the practice that shall obtain; the kind of judgment that shall be rendered, and the execution that shall issue thereupon; but it neither looks forward to, nor provides for, any action after the taxes shall become merged in a judgment; on the contrary, after judgment the proceedings on execution in these actions are remitted to the operation of the general law governing other executions. R. S. 1879, sec. 6838; Laws, 1877, sec. 7, p. 387.

Actions under the revenue law for delinquent taxes, to which section 6846 applies, end in the judgments rendered under that law.

This is an action under the general law on the official bond of the sheriff for an alleged failure in the discharge of his duty as sheriff, in not paying over money collected on execution and is governed by the general statute of limitations.

It is not seen how payments made by the sheriff on account of other taxes than those sued for, although included in the same judgment, can take this case out of the statute, when, on making such payments, he expressly repudiated liability for the taxes herein sued for and refused to make any payments on account of them. But, as this point is not insisted upon in the brief of counsel, it need not be elaborated.

The judgment is affirmed. All concur.